UNITED STATES v. FARLEY et al.

(Circuit Court, N. D. Iowa, E. D.   January 11, 1899.)

1. CONTRACT FOR PUBLIC WORK—ASSIGNMENT—SUBCONTRACT.
    A contractor with the United States for the construction of a public improvement does not, by contracting with a third party to furnish material for such work, make an assignment or a transfer of his contract, within the prohibition of Rev. St. § 3737.

2. CONTRACTORS' BONDS—CONSTRUCTION—FAILURE OF SUBCONTRACTORS TO PAY EMPLOYES.
    A government contractor for public work, who has given a bond conditioned that he will "make full payments to all persons supplying him with labor or materials," is not liable thereon for unpaid wages due from a subcontractor who has supplied him with materials, when he paid such contractor in full therefor.

This is an action by the United States, for the benefit of John Harney and others, against George W. Farley and others, on a contractors' bond.

Jess & Kintzinger, for plaintiffs.
Lyon & Lyon, for defendants.

SHIRAS, District Judge.   From the evidence in this case it appears that in September, 1897, the firm of George W. Farley & Co. entered into a contract with the United States to do the work and furnish the material needed in the construction of certain wing dams and shore protections on the Mississippi river between Dubuque and Le Claire, Iowa, and, to secure the proper performance of such contract on their part, they executed a bond, under date of September 18, 1897, with sureties, in the sum of $7,000, conditioned, among other things, that they would "promptly make full payments to all persons supplying them with labor or materials in the prosecution of the work provided in said contract." It further appears that Farley & Co. made a verbal contract with one George Cornish to furnish certain rock or stone needed for the performance of the contract, the same to be delivered on the scows belonging to the contractors, and to be paid for at the rate of 38 cents per cubic yard.   This stone was furnished by Cornish, and the full amount called for by the agreement with Farley & Co. was paid by them to Cornish, but he failed to pay in full the men by him employed in the work of quarrying the stone and delivering it to Farley & Co.; and the present action is brought on the bond given by Farley & Co. to the United States on behalf of these creditors of Cornish, and thus the question is presented whether Farley & Co. and their sureties are bound, by the terms of the bond, as applied to its subject-matter, to pay the obligation of the subcontractor Cornish, incurred by him in carrying out the contract made with Farley & Co.

On behalf of plaintiffs, it is claimed that the arrangement made between Farley & Co. and Cornish was, in effect, an assignment of the contract between the United States and Farley & Co., within the prohibition of section 3737 of the Revised Statutes, which declares that "no contract or order or any interest therein shall be transferred by the party to whom such contract or order is given"; and therefore it must

be assumed that the plaintiffs really performed the work, by them sued for, directly for Farley & Co. It is clear, however, that the contract between Farley & Co. and Cornish, by which the latter agreed to furnish certain stone to the former, was not in any sense an assignment of the contract with the United States. The agreement between Cornish and Farley & Co. did not in any way affect the contract between the latter and the United States, and the prohibition found in section 3737 is intended to prevent such assignments of public contracts as would relieve the original contractor from the obligation of the contract with the government. Furthermore, section 3737 declares that, if an assignment of a public contract is made, it shall cause the annulment of the contract with the United States; and it certainly cannot be true that if A. enters into a contract with the United States to erect a public building, or to construct wing dams on the river, he cannot contract with third parties to furnish the materials needed to enable him to carry out his contract with the government, without thereby causing an annulment of the same. In this case, therefore, the plaintiffs are not entitled to judgment in their favor, unless they fairly come within the terms of the bond itself, which, as already stated, binds Farley & Co. to make payment to all persons supplying them with labor or materials used in the prosecution of the work they had contracted to do. In this case, the stone was supplied to Farley & Co. by Cornish, and not by the men whom he employed to work for and under him. Full payment having been made by Farley & Co. to Cornish, for the stone by him delivered and used in the work, Farley & Co. have met and performed the conditions of the bond sued on, and there is no ground shown which would justify the court in holding that Farley & Co. are bound to pay the wages of all the workmen employed by Cornish. Such a construction of the contract would result in preventing a contractor with the government from contracting in his own behalf for the delivery of any material by a third party, unless he was willing to assume the payment of all claims against the subcontractor, which is certainly a burden which the statute does not impose upon those who assume contract obligations with the United States. Having paid to Cornish the full amount coming to him, Farley & Co. have performed all the conditions imposed on them or their sureties by the terms of the bond sued on, and the facts proven fail to show any cause of action in favor of the plaintiffs, whence it follows that the judgment must be in favor of defendants.